LEMMON, Judge
(concurring specially)-
I have signed the majority opinion, but am writing this separate opinion to respectfully state my disagreement with the Walker and Hunt decisions by a court of higher authority.
The court in Walker reasoned that the orphaned grandchildren (dependent upon the tort victim for support) had no right of action for wrongful death because the legislature could not reasonably have intended by the words “minor children” to include minor grandchildren, although the article of the Code providing for interpretation of terms of law employed in the Code specifically stated that the term “children”, unless particularly defined, shall be understood to comprehend grandchildren. The court expressly adopted this view in reliance on two earlier decisions which held that the term children, used in a will, does not necessarily include grandchildren.
I respectfully suggest that, under the civil law approach, the Walker decision should have followed the plain terms of the Code rather than previous decisions involving interpretation of the word “children” in wills.
The Hunt case was decided after the 1908 amendment, which granted a right of action to major children only when there was no surviving widow (later changed to spouse) or minor children. The court again theorized that the legislature could not reasonably have intended either (1) to make minor grandchildren “concur with the widow and minor children”, when the minor children (presumably being the living parents of the tort victim’s grandchildren) already had a right to sue, or (2) to *514 prefer minor grandchildren over the major children.
It seems to me a reasonable interpretation that the legislature intended to insure support for all support-needing minor descendants as part of the obvious concern for those relatives most likely to be worst harmed by the wrongful death of a wage earner, especially since the right of action was accorded originally only to the widow and not the widower. The court’s interpretation denied the right of action to all grandchildren, rather than allowing the action and adjusting the amount of recovery according to whether or not the grandchildren were dependent for support.
In this case the majority opinion turns on an interpretation of the 1960 amendment, one of the express purposes (see Explanatory Note) of which was to broaden the primary class of survivors to include major children. The amendment deleted the words “major” and “minor” and placed all children in the primary class.
Both counsel have rendered excellent briefs and arguments in support of their position as to the 1960 amendment. Plaintiffs argue that the common law approach of narrow construction in wrongful death actions was repudiated in King v. Cancienne, 316 So.2d 366 (La.1975), which also criticized the case of Hubgh v. N. O. C. R. Co., 6 La.Ann. 495 (1851), relied on in the Walker and Hunt cases. They further argue that every legislative amendment resulted from the original error of narrow construction. On the other hand, defendants argue that the legislature, in response to Hubgh (whether or not correctly decided), provided a limited wrongful death remedy and that the 1960 amendment was a continuation of a series of changes, this one being expressly intended for a specific purpose and not for overruling Walker and Hunt.
I agree with appellants that Hubgh, Walker and Hunt were incorrectly decided. Nevertheless, this court does not have the authority to change those decisions. Since I believe it would be improper for an intermediate appellate court to use a legislative amendment, obviously intended for another purpose, to rule contrary to a higher court decision with which this court disagrees, I respectfully state my views in a concurring opinion.